UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA


Hermes International and Hermes of Paris, Inc.

      Plaintiffs,

v.

Mason Rothschild

      Defendant.

**CIVIL ACTION NO:**

_____

_____

## NON-PARTIES PRIVE PORTER, LLC AND JEFFERY BERK MOTION TO QUASH SUBPOENAS FOR DEPOSITION AND DOCUMENT PRODUCTION

      Non-party Prive Porter, LLC (herein Prive Porter) and non-party Jeffery Berk (herein Berk) pursuant to Federal Rule of Civil Procedure 45 seek to quash (i) Hermes International and Hermes of Paris, Inc. (collectively Hermes) non-party subpoena for deposition directed at Prive Porter and (ii) Hermes non-party subpoena for deposition and documents directed at Berk. For all the reasons set forth herein, Prive Porter and Berk respectfully request the Court grant this Motion to Quash and award these non-parties the fees and costs they have incurred in responding to the subpoena and moving to quash.

**Factual Background:**

      Prive Porter, LLC is a duly organized Florida limited liability company based out of South Florida, for over 10 years. On September 2, 2022, Prive Porter was served with a non-party "Subpoena to produce documents, information or objects or to permit inspection of premises in a civil action" with a deadline of September 16, 2022, in connection with the case *Hermes International et al v Mason Rothschild* 1:22-CV-00384-JSR (SDNY). (Exh. A). On

September 9, Prive Porter was served with a separate non-party "Subpoena to Testify at a Deposition in a Civil Action" with a scheduled date of September 23, 2022, in the same matter. (Exh. B). The only identified location for the attendance of this deposition subpoena is "Via Zoom" creating an unknown and unreasonable location for the same to occur, and certainly beyond the 100 miles radius of the Southern District of New York.

On September 15, the undersigned conducted a meet and confer with counsel for Plaintiff, Gerald Ferguson. During the call, Prive Porter requested that Hermes withdraw the subpoena for documents and the subpoena for deposition on Prive Porter. Counsel for Hermes noted there was also a second non-party subpoena for production of documents and for deposition of non-party Jeffrey Berk, which has not yet been served. (Exh C). The identified location of this non-party subpoena for Berk is "Via Zoom from 1216 Palm Trl, Delray Beach, FL 33483" creating compliance for same to occur in the Southern District of Florida. Upon request, counsel for Hermes provided a courtesy copy of same to the undersigned. The undersigned represents non-party Jeffrey Berk for the purposes of this Motion to Quash. However, Jeffrey Berk has still never been individually served with the non-party subpoena and the undersigned did not agree to accept service.

Hermes refuses to withdraw its non-party subpoena for documents to Prive Porter. During the meet and confer the undersigned explained that Hermes' document requests to Prive Porter violated the SDNY Court's Scheduling Order (ECF 48) (Exh. D attached hereto). The SDNY Court Order makes clear that all discovery must be complete by September 23. (ECF 48, ¶D.6). The same Order notes that document requests may not "be served later than 30 days prior to the close of discovery…." (ECF 48, ¶D.1). The document requests to Prive Porter, LLC were served on September 2, and therefore are in violation of the Court's Order. Despite this violation

2

of the Court Order, Hermes refused to withdraw its subpoena.

During the first meet and confer, counsel for Hermes noted that it would provide to the undersigned the documents that were already produced by the Defendant. This production of documents by Defendant to Hermes regarding Prive Porter, would be given to the undersigned for review to allow Prive Porter to compare what documents were in its possession, and to identify any that had not been produced by Defendant. Importantly, the subsequent non-party production of documents by Prive Porter, matched those already produced by Defendant. Specifically, they include 13 totals emails, in a single chain substantially surrounding the scheduling of a phone call. Despite the limited universe of documents from Defendant, Hermes persisted in requesting these document productions, without any justification or support that Defendant failed to produce the full universe of documents related to Prive Porter.

Since Hermes would not withdraw its non-party subpoena for documents, and in an effort to streamline this process, Prive Porter served a series of responses and objections regarding a number of requests, including specifically Nos. 13-14 (see Exh. E). Although the issuance of the non-party subpoenas violated the SDNY Court Order, Prive Porter still acted in good faith cooperation by providing responses. Prive Porter incurred an undue burden and served its responses and objections noting same, and timely provided to Hermes the limited universe of documents between Prive Porter and Defendant Rothschild on September 16.

These subpoena requests also sought an intrusive look into non-party Prive Porter and non-party Jeffery Berk's business(es), wholly unrelated to the actual claims or defenses in the underlying litigation. (See Exh. E, including specifically Nos. 13-14). Prive Porter has informed Hermes that there are no additional documents responsive to the requests related to communications between Defendant and non-party Prive Porter. Regardless, Hermes persists on

3

the document requests propounded against Jeffery Berk as part of his subpoena, despite further violations of the Scheduling Order. Hermes never sought relief from the SDNY Court regarding extending of the Scheduling Order with regards to discovery matters, including an extension to take additional discovery on Defendant or on the non-parties herein.

On September 19 the undersigned had a second meet and confer with another of Plaintiffs' counsel, Oren Warshavsky, again about the non-parties' request for Hermes to withdraw its subpoenas. During this second meet and confer, the undersigned again noted that the depositions could not move forward because of unavailability of the deposition dates that were provided (September 22-23, with September 23 being the close of discovery) and therefore compliance was not possible. Jeffrey Berk is the Managing Director of Prive Porter, and would serve as a corporate representative for a potential deposition. In his capacity as Managing Director of Prive Porter, he conducted the email exchange with Defendant. These communications with Defendant Rothschild were not done in Berk's individual capacity. The unavailability of Jeffrey Berk as Prive Porter's representative is directly tied to not being physically in Florida or New York during this entire week (September 19-23) due to prior obligations and unrelated business activities/meetings in Washington D.C.

In yet further anticipatory violations of the Scheduling Order, Hermes proposed re-scheduling the non-party depositions at a later date, after the close of discovery. However, counsel for Hermes confirmed that they had not conducted a deposition of Defendant on these documents or topics and **refused** to do the same. The undersigned requested that Hermes seek relief from the SDNY Court for an extension of the discovery period to conduct a continued deposition on these documents and topics with Defendant, but Hermes rejected this request.

4

**Memorandum of Law**

As this Court recently found in another matter:

> Federal Rule of Civil Procedure 45(d)(3) specifies when a court should, or must, quash a subpoena to a third-party. The applicable legal standard depends on the nature of the documents called for by the subpoena. As relevant here, a Court must quash or modify a subpoena that "(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii), (iv).… The objecting party bears the burden of establishing that (1) the requested materials are privileged, otherwise legally protected, or confidential research, development, or commercial information or that (2) compliance would entail an undue burden.… Rule 45(d)(3) explicitly places the burden on the party serving the subpoena to show a substantial need for the materials that cannot otherwise be met without undue hardship.

*In re Subpoena Dated June 18, 2020*, No. 20-MC-82327-BER, 2021 WL 7540812, at *3 (S.D.

Fla. Apr. 14, 2021).

Although the underlying case is in the SDNY, the appropriate location to bring this

Motion to Quash is the Southern District of Florida. In fact, supporting case law from SDNY

explains this instant situation and why the Southern District of Florida is appropriate for handling

this dispute.

> First, turning to PPL's motion to quash, the Court notes that subsection (d)(3) of Rule 45 dictates that a motion to quash a subpoena must be timely filed with "the court for the district where compliance is required," not with the issuing court. Fed. R. Civ. P. 45(d)(3)(A), (B); see also Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment ("Under Rules 45(d)(2)(B), 45(d)(3), and 45(e)(2)(B), subpoena-related motions and applications are to be made to the court where compliance is required under Rule 45(c)."); KGK Jewelry LLC v. ESDNetwork, No. 11 Civ. 9236 (LTS) (RLE), 2014 WL 1199326, at *2 (S.D.N.Y. Mar. 21, 2014). **The purpose of this requirement is to protect non-parties subject to subpoenas from the burdens of litigating in the issuing district rather than in their home district and to ensure that the court adjudicating a subpoena dispute has personal jurisdiction over the non-party**. See Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment ("To protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of Rule 45(c) and the requirements in Rules 45(d) and (e) that motions be made in the court in which compliance is required under Rule 45(c)."); 9 Moore's Federal Practice – Civil § 45.50 (2020) ("The proper court in which to file a motion to quash or modify the subpoena is the court for the

5

district where compliance is required ... because a district court must have personal
jurisdiction over a nonparty to compel compliance with a subpoena." (citing Fed. R.
Civ. P. 45(d)(3)(A); Gucci Am., Inc. v. Weixing Li, 135 F. Supp. 3d 87, 93
(S.D.N.Y. 2015))).

*Arrowhead Cap. Fin., Ltd. v. Seven Arts Ent., Inc.*, No. 14 CIV. 6512 (KPF), 2021 WL 411379,

at *2 (S.D.N.Y. Feb. 5, 2021)(emphasis added)

   As a result, the proper Court in which to file this motion to quash is the Southern District

of Florida, as compliance with the subpoenas are in this District. Moreover, it must be in this

District because a district court must have personal jurisdiction over a nonparty to compel

compliance with a subpoena. See Fed. R. Civ. P. 45(d)(3)(A); see also *Arrowhead Cap. Fin., Ltd.*

*v. Seven Arts Ent., Inc.*, No. 14 CIV. 6512 (KPF), 2021 WL 411379, at *2 (S.D.N.Y. Feb. 5,

2021). The SDNY Court does not have jurisdiction over Prive Porter or Berk for this matter.

   Separately, since not properly served, and even if Hermes provides proof of same, the

subpoena directed at Berk individually does not provide enough time to comply. While Rule 45

does not expressly provide what "a reasonable time to comply" entails, this district has

determined that fourteen days is reasonable. *Lauderhill Mall Inv., LLC v. Arch Specialty Ins. Co.*,

No. 14-CV-21003, 2014 WL 11906637 at *1 (S.D. Fla. July 29, 2014). Rule 45 enables a court

to quash or modify a subpoena if it requires a person to comply beyond geographical limits,

which encompasses a 100-mile radius around where such person resides, is employed, or

regularly transacts business in person. Fed R. Civ. P. 45(d)(3)(A)(ii). See *Regueiro v. Am.*

*Airlines, Inc.*, No. 19-CV-23965-JEM, 2022 WL 2359764, at *2 (S.D. Fla. May 19, 2022).

Undersigned was not even made aware of the Berk subpoena until the first meet and confer call

on September 15. As a result, the Berk subpoena is not timely under Rule 45.

   Hermes improperly attempts to use the subpoenas to circumvent the SDNY Court's

discovery scheduling Order. "A Rule 45 subpoena duces tecum cannot be used as a form of discovery to circumvent deadlines, but may be used to secure the production at trial of original documents previously disclosed during discovery." *Antech Diagnostics, Inc. v. Posner*, No. 17-80185-CV, 2017 WL 6948590, at *1 (S.D. Fla. Nov. 14, 2017) citing *Puritan Inv. Corp. v. ASLL Corp.*, No. Civ. A. 97-1580, 1997 WL 793569, at *1 (E.D. Pa. Dec. 9, 1997); *9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure* § 2459 (3d ed. 1998, updated 2013). Hermes refusal to seek an extension of time to take discovery and additional deposition testimony from Defendant, and instead violate the Court Order and seek it from non-parties is improper.

Non-party Prive Porter and non-party Berk should not suffer the undue burden of these discovery efforts that Hermes has tried to schedule for the last two days of the discovery period. This District's local rules provide further clarity on the timing and sequence of the requested non-party depositions and requests. "Party and non-party depositions must be scheduled to occur, and written discovery requests and subpoenas seeking the production of documents must be served in sufficient time that the response is due on or before the discovery cutoff date. Failure by the party seeking discovery to comply with this paragraph obviates the need to respond or object to the discovery, appear at the deposition, or move for a protective order." See SDFL Local Rule 26.1(d), Completion of Discovery.

Even if these depositions were timely served and set, and even if these non-parties were available for sitting during such depositions, they would be cumulative and duplicative of information that Hermes could and should **get from Defendant**. Hermes is unable to show a substantial need for the materials and information that cannot otherwise be met without undue hardship on Prive Porter, especially in light of Hermes unwillingness to seek the information

from Defendant first. These non-party discovery requests create an undue burden to be subjected to depositions. During each meet and confer, Hermes has not been able to sufficiently articulate what is sought to be elicited from these non-parties that would be different information which could be obtained from Defendant. In *Maxwell v. Health Center of Lake City*, No. 3:05-CV-1056-J-32MCR, 2006 WL 1627020 (M.D. Fl. June 6, 2006) the defendant in an employment case requested plaintiff's personnel files and health insurance and medical information from nonparty providers. As a threshold matter, the court noted generally that "since this matter concerns nonparties, the Court should also consider the interests of the nonparties and **whether Defendant can obtain the information it requests from another source**." *Id*. at *2 (emphasis added). In *Aeritas LLC v. Delta Airlines, Inc.*, No. 1:13–CV–00346–RWS–WEJ, 2013 WL 454452, at *2 (N.D. Ga. Feb. 7, 2013) the Court stated that absent agreement it would have "modified the subpoena…because much of what is sought from non-party NCR should be available from one or more of the defendants in the underlying lawsuit." Accord *Brilliant Alternatives, Inc. v. Feed Mgmt Sys., Inc.*, No. 1:09–CV–2348–RWS, 2011 WL 723336, at *6 (N.D. Ga. Feb. 22, 2011) (denying motion to compel directed to non-party because "the Plaintiffs sought much of the same information already requested from the Defendants...").

During the meet and confer, counsel for Hermes alleges that it only recently found out about these documents and the identification of Prive Porter, upon an alleged late production of same from Defendant. Defendant Rothchild's alleged late production does not, however, shift the burden and expense of subjecting non-party Prive Porter and non-party Jeff Berk to untimely discovery efforts. As one recent case explained, Plaintiff should have taken up its discovery concerns with the SDNY Court: "The appropriate recourse for Plaintiff would have been to file a timely discovery motion ... Its failure to do so does not excuse it from complying with the

requirements of Rule 45, and the decision to quash a subpoena that does not allow a reasonable time for compliance under Rule 45(d)(3)(A)(i) is not discretionary." *Dika-Homewood, LLC v. Off. Max, Inc.*, No. 22-MC-80766, 2022 WL 3682214, at *1 (S.D. Fla. June 16, 2022).

**Conclusion:**

Non-party Prive Porter, LLC and non-party Jeffery Berk pursuant to Federal Rule of Civil Procedure 45 seek to quash (i) Hermes non-party subpoena for deposition directed at Prive Porter for September 23 and (ii) Hermes non-party subpoena for deposition and documents directed at Berk for September 22. Hermes refuses to seek deposition testimony from Defendant Rothschild regarding the alleged communications between Prive Porter and Defendant. Both Prive Porter and Berk are unavailable to be deposed on the listed dates and any dates after this time period would violate the SDNY Court's Scheduling Order. The depositions would be duplicative and cumulative of testimony from each non-party and that Hermes can and should seek from Defendant. Lastly, the separate document requests in association with the unserved subpoena to Berk are untimely and would further violate the SDNY Court Scheduling Order. For all these reasons the motion to quash should be granted and Prive Porter and Berk should be awarded their attorneys fees and expenses in association with bringing this motion.

## L.R. 7.1 CERTIFICATE OF GOOD FAITH CONFERENCE

I HEREBY CERTIFY that that counsel for the movant has conferred twice via telephone and via email with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion, and counsel for Hermes has opposed the relief sought herein.

Date: September 21, 2022                     Respectfully Submitted:

                                            By: */s/Darren Spielman*
                                            Darren Spielman, Esq. Florida Bar No. 010868
                                            The Concept Law Group, P.A.
                                            6400 North Andrews Avenue, Suite 500
                                            Fort Lauderdale, Florida 33309
                                            (t): (754) 300-1500
                                            (f): (754) 300-1501
                                            DSpielman@ConceptLaw.com


CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21 day of September 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via email.

                                            */s/Darren Spielman*
                                            Darren Spielman

Deborah A. Wilcox
Baker & Hostetler LLP
Key Tower
127 Public Square
Ste 2000
Cleveland, OH 44114
216-861-7864
Email: dwilcox@bakerlaw.com

Kevin M Wallace
Baker & Hostetler LLP (NYC)
45 Rockefeller Plaza
New York, NY 10111
(212)-589-4637
Email: kwallace@bakerlaw.com

Lisa Bollinger Gehman
Baker & Hostetler LLP
1735 Market Street
Suite 3300
19103
Philadelphia, PA 19103-7501
215-564-2684
Email: lgehman@bakerlaw.com

Oren J. Warshavsky
Baker & Hostetler LLP (NYC)
45 Rockefeller Plaza
New York, NY 10111
(212)-589-4200
Email: owarshavsky@bakerlaw.com

Gerald Joseph Ferguson
Baker & Hostetler LLP (NYC)
45 Rockefeller Plaza
New York, NY 10111
(212)-589-4238
Fax: (212)-589-4201
Email: gferguson@bakerlaw.com
ATTORNEYS FOR PLAINTIFFS


Christopher Jon Sprigman
Lex Lumina, PLLC
745 Fifth Avenue, Suite 500
10151
New York, NY 10012
434-249-4345
Email: chris@lex-lumina.com

Rhett Owen Millsaps , II
Lex Lumina PLLC
745 Fifth Ave
Ste 500
New York, NY 10151
646-535-1137
Fax: 646-906-8657
Email: rhett@lex-lumina.com

Mark P McKenna
Lex Lumina PLLC
745 Fifth Ave
Ste 500
New York, NY 10151
630-430-8051
Email: mark@lex-lumina.com

Rebecca Tushnet
1575 Massachusetts Ave.
Hauser 520

02138
Cambridge, MA 02138
703-593-6759
Email: rtushnet@lex-lumina.com
ATTORNEYS FOR DEFENDANT